# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | Case No. |
| ) | |
| ANTONIO LANIER, ) | |
| ) | |
| Defendant. ) | |

## PLEA AGREEMENT

The Government and the defendant, **ANTONIO LANIER**, hereby acknowledge the following plea agreement in this case:

## PLEA

The defendant agrees to (i) plead guilty to Count One of the Information filed in the above-numbered and -captioned matter; (ii) pay restitution to any fraud victims who sent funds to his unlicensed money transmitting business; and (iii) waive certain rights to direct appeal and collateral attack as outlined in section **IV** of this agreement. In exchange, the United States Attorney, acting on behalf of the Government and through the undersigned Assistant United States Attorney, agrees to recommend the disposition specified below, subject to the conditions in section **VII**.

## **TERMS OF THE AGREEMENT**

I. **MAXIMUM PUNISHMENT**

The defendant understands that the maximum statutory punishment that may be imposed for Operating an Unlicensed Money Transmitting Business, in violation of Title 18, United States Code, Section 1960(b)(1), as charged in Count One of the Information, is:

    A.    Imprisonment for not more than five years;

    B.    A fine of not more than $250,000, or,

    C.    Both A and B;

    D.    Supervised release of not more than three years; and

    E.    A special assessment of $100.

II. **FACTUAL BASIS FOR PLEA**

The Government is prepared to prove, at a minimum, the following facts at the trial of this case:

From in or about September 2020 through in or about November 2021, the defendant, **ANTONIO LANIER**, operated an unlicensed money transmitting business within the Northern District of Alabama. The defendant sold Bitcoin on Paxful, a peer-to-peer platform for buying and selling digital currencies. A typical Bitcoin purchase from the defendant involved the defendant electronically transferring Bitcoins to the customer's address or account after the purchaser paid the defendant the value of the Bitcoin plus a commission or fee. In many instances, his customers were cybercriminals who purchased Bitcoin from the defendant using fraud proceeds from "account takeovers" and other online scams.

Defendant's Initials A.L.

In November 2022, the U.S. Department of Justice Office of Inspector General ("DOJ-OIG") opened the underlying investigation. During the initial investigation, DOJ-OIG identified eight "account takeover" victims, including three senior citizens, who experienced unauthorized electronic transfers from their financial accounts to a bank account associated with the defendant. In each instance, victims reported finding a website online that appeared to belong to a reputable company. Those included businesses like Apple, PayPal, and Best Buy. Upon calling the phone number provided on the website, the victims were instructed to provide personal information to the caller, including bank login information. Following this interaction, an unknown subject conducted electronic transfers from the victims' accounts to a Wells Fargo account ending in -3045 (the "WF-3045" account). Wells Fargo records show that the WF-3045 account belongs to the defendant.

The investigation revealed that the defendant helped launder the proceeds of cyber-enabled fraud schemes through his informal money transfer system. To bypass transaction limits and avoid attracting unwanted attention, the defendant engaged in "structuring"—that is, he broke up larger financial transactions into a series of smaller transactions in order to avoid scrutiny from regulators and law enforcement. From April 2021 to July 2021, for example, the defendant cashed over $250,00 in money orders. In doing so, he typically cashed multiple money orders totaling just under $10,000, which would have triggered reporting requirements.

The defendant also engaged in complex transactions designed to evade scrutiny. For example, the defendant had "account takeover" funds from customers sent to the WF-3045 account, which was a sweep account that automatically transferred money into another Wells Fargo account. The defendant and others then used cashier's checks and intra-bank transfers to move the funds through various accounts at Alabama One Credit Union and West Alabama Bank before investing commissions from the money transmitting business into businesses and real estate.

For the same reason, the defendant also used other individuals' personal identifying information to receive the proceeds from "account takeover" schemes. Apple search warrant returns from the defendant's iCloud account showed that the defendant was in the possession of bank cards issued in the names of other individuals. These individuals included K.L., C.J., Y.N., T.L., D.T., B.L., and G.W. Multiple cards were confirmed to have received proceeds from "account takeovers."

The defendant was engaged in "money transmitting" as that term is defined in 18 U.S.C. § 1960(b)(2). He acted as a seller of virtual currency, accepting U.S.

currency or its equivalent from his customers and then transmitting the value of that U.S. currency to the customer's virtual currency account. In doing so, he engaged in the transmission of money to another location and acted as a money transmitter. The defendant also understood himself to be operating as a business—charging a commission or fee and participating in a high volume of transactions on a regular basis. Records from Paxful show that the defendant engaged in more than 650 successful transactions totaling more than $1.3 million during the relevant period.

At the same time, the defendant failed to comply with state and federal registration requirements. The defendant operated his unlicensed money transmitting business from Aliceville, Alabama. Operating a money transmitting business in Alabama without an appropriate money transmitting license is punishable as a felony. Ala. Code § 8-7A-20. The defendant did not have such a license. At the same time, the defendant also failed to register with the Secretary of Treasury. *See* 31 U.S.C. § 5330(a)(1). Additionally, he had no anti-money laundering or "know your customer" program and performed no due diligence on the source of his customers' money.

Beyond that, the defendant's money transmitting business involved the transportation and transmission of funds that derived from a criminal offense—a fact which the defendant either knew or deliberately avoided knowing. The evidence adduced during the investigation indicates that the defendant took steps to separate himself from the source of the funds, including using bank cards issued in the names of other individuals. The defendant also engaged in complex transactions and structuring designed to evade scrutiny.

The parties stipulate that, for the purposes of sentencing, the value of the laundered funds was between $550,000 and $1.5 million, which corresponds to the value of the Bitcoin that the defendant sold through Paxful during the period from September 2020 through November 2021. The parties also stipulate that venue is appropriate in the Northern District of Alabama.

Defendant's Initials A.L.

  The defendant hereby stipulates that the facts stated above are substantially correct and that the Court can use these facts in calculating the defendant's sentence. The defendant further acknowledges that these facts do not constitute all of the evidence of each and every act that the defendant and/or any co-conspirators may have committed.

_____
ANTONIO LANIER

## III. RECOMMENDED SENTENCE

Subject to the limitations in section **VII** regarding subsequent conduct and pursuant to Fed. R. Crim. P. 11(c)(1)(B), the Government will recommend the following disposition:

 A. That the defendant be awarded a two (2) level reduction in the defendant's adjusted offense level, based upon the defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for the defendant's criminal conduct. The Government agrees to make a motion pursuant to USSG §3E1.1(b) for an additional one-level decrease in recognition of the defendant's prompt notification to the Government of the intention to enter a plea of guilty. The Government may oppose any adjustment for acceptance of responsibility if the defendant: (1) fails to admit each and every item in the factual stipulation; (2) denies involvement in the offense; (3) gives conflicting statements about the defendant's involvement in the offense; (4) is untruthful with the Court, the Government, or the United States Probation Officer; (5) obstructs or attempts to obstruct justice prior to sentencing; (6) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (7) attempts to withdraw the defendant's plea of guilty for any reason other than those expressly enumerated in the "Waiver of Right to Appeal and Post-Conviction Relief" section of this Plea Agreement;

 B. That the defendant be remanded to the custody of the Bureau of Prisons and incarcerated for a term consistent with the advisory United States Sentencing Guideline range as calculated by the Court at the time of

sentencing;

C. That following the said term of imprisonment, the defendant be placed on supervised release for a period to be determined by the Court, subject to the Court's standard conditions of supervised release;

D. That the defendant will pay restitution to any identified "account takeover" or fraud victims whose funds were laundered using the defendant's unlicensed money transmitting business;

E. That the defendant be required to pay a fine in accordance with the sentencing guidelines should the Court determine that the defendant has the ability to pay a fine, said amount due and owing as of the date sentence is pronounced, with any outstanding balance to be paid in full by the expiration of the term of supervised release; and

F. That the defendant pay a special assessment of $100, said amount due and owing as of the date sentence is pronounced.

## IV. WAIVERS

### A. STATUTE OF LIMITATIONS WAIVER

In consideration of the recommended disposition of this case, I, ANTONIO LANIER, hereby understand, acknowledge, and agree that if this plea agreement is set aside for any reason, I will not assert any defense based on any applicable statute of limitations or the Speedy Trial Act, 18 U.S.C. § 3161, *et seq.*, that includes the passage of time from and including the date of this plea agreement until and including the date of entry of any order setting this plea agreement aside.

Defendant's Initials A.L.

B.   **RIGHT TO APPEAL AND POST-CONVICTION RELIEF**

In consideration of the recommended disposition of this case, I, ANTONIO LANIER, hereby waive and give up my right to appeal my conviction and/or sentence in this case, as well as any fines, restitution, and forfeiture orders, the Court might impose. Further, I waive and give up the right to challenge my conviction and/or sentence, any fines, restitution, forfeiture orders imposed or the manner in which my conviction and/or sentence, any fines, restitution, and forfeiture orders were determined in any post-conviction proceeding, including, but not limited to, a motion brought under 28 U.S.C. § 2255, and any argument that (1) the statute(s) to which I am pleading guilty is or are unconstitutional or (2) the admitted conduct does not fall within the scope of the statute(s).

The defendant reserves the right to contest in an appeal or post-conviction proceeding(s) the following:

1. Any sentence imposed in excess of the applicable statutory maximum sentence(s);

2. Any sentence imposed in excess of the Guidelines range determined by the Court at the time sentence is imposed; and

3. Ineffective assistance of counsel.

The defendant acknowledges that before giving up these rights, the defendant discussed the United States Sentencing Guidelines and their

application to the defendant's case with the defendant's attorney, who explained them to the defendant's satisfaction. The defendant further acknowledges and understands that the Government retains its right to appeal where authorized by statute.

I, ANTONIO LANIER, hereby place my signature on the line directly below to signify that I fully understand the foregoing paragraphs, and that I am knowingly and voluntarily entering into this waiver.

_____
ANTONIO LANIER

## V. UNITED STATES SENTENCING GUIDELINES

The defendant's counsel has explained to the defendant, that in light of the United States Supreme Court's decision in *United States v. Booker*, the federal sentencing guidelines are **advisory** in nature. Sentencing is in the Court's discretion and is not required to be within the guideline range. The defendant agrees that, pursuant to this agreement, the Court may use facts it finds by a preponderance of the evidence to reach an advisory guideline range, and the defendant explicitly waives any right to have those facts found by a jury beyond a reasonable doubt.

## VI.   AGREEMENT NOT BINDING ON COURT

The defendant fully and completely understands and agrees that it is the Court's duty to impose sentence upon the defendant and that any sentence recommended by the Government is **NOT BINDING UPON THE COURT,** and that the Court is not required to accept the Government's recommendation. Further, the defendant understands that if the Court does not accept the Government's recommendation, the defendant does not have the right to withdraw the guilty plea.

## VII.   VOIDING OF AGREEMENT

The defendant understands that if the defendant (a) violates any federal, state, or local law or any condition of pretrial release after entering into this plea agreement, (b) moves the Court to accept a plea of guilty in accordance with, or pursuant to, the provisions of *North Carolina v. Alford*, 400 U.S. 25 (1970), (c) tenders a plea of *nolo contendere* to the charges, (d) violates any other term of this plea agreement, and/or (e) does or says anything that is inconsistent with the acceptance of responsibility, the plea agreement will become NULL and VOID at the election of the United States, and the United States will not be bound by any of the terms, conditions, or recommendations, express or implied, which are contained herein. Further, such election will not entitle the defendant to withdraw a previously entered plea.

Defendant's Initials _A.L._

## VIII.   OTHER DISTRICTS AND JURISDICTIONS

The defendant understands and agrees that this agreement **DOES NOT BIND** any other United States Attorney in any other district, or any other state or local authority.

## IX.   COLLECTION OF FINANCIAL OBLIGATION

In order to facilitate the collection of financial obligations to be imposed in connection with this prosecution, the defendant agrees to:

- fully disclose all assets in which the defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee or other third party;

- promptly submit a completed financial statement to the United States Attorney's Office, in a form that it provides and as it directs;

- identify all assets over which the defendant exercises or exercised control, directly or indirectly, within the past five years, or in which the defendant has or had during that time any financial interest;

- take all steps as requested by the Government to obtain from any other parties by any lawful means any records of assets owned at any time by the defendant;

- undergo any polygraph examination the Government may choose to administer concerning such assets and to provide and/or consent to the release of the defendant's tax returns for the previous five years.

The defendant further agrees that the above information, as well as any of the defendant's financial statements and disclosures, will be complete, accurate, and truthful. Finally, the defendant expressly authorizes the United States Attorney's Office to obtain a credit report on the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

## X. AGREEMENT REGARDING RELEVANT CONDUCT AND RESTITUTION

As part of the defendant's plea agreement, the defendant admits to the above facts associated with the charges and relevant conduct for any other acts. The defendant understands and agrees that the relevant conduct contained in the factual basis will be used by the Court to determine the defendant's range of punishment under the advisory sentencing guidelines. The defendant admits that all of the crimes listed in the factual basis are part of the same acts, scheme, and course of conduct. This agreement is not meant, however, to prohibit the United States Probation Office or the Court from considering any other acts and factors, which may constitute or relate to relevant conduct. Additionally, if this agreement contains any provisions providing for the dismissal of any counts, the defendant agrees to pay any appropriate restitution to each of the separate and proximate victims related to those counts should there be any and waives objection to the inclusion of that restitution in any order issued by the Court.

## XI.  TAX, FORFEITURE AND OTHER CIVIL/ADMINISTRATIVE PROCEEDINGS

Unless otherwise specified herein, the defendant understands and acknowledges that this agreement does not apply to or in any way limit any pending or prospective proceedings related to the defendant's **tax liabilities**, if any, or to any pending or prospective **forfeiture** or other **civil** or **administrative** proceedings.

## XII.  IMMIGRATION STATUS

The defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which the defendant is pleading guilty. The defendant's guilty plea and conviction make it practically inevitable and a virtual certainty that the defendant will be removed or deported from the United States if the defendant is not a citizen of the United States. Removal and other immigration consequences are the subject of a separate proceeding, however; and the defendant understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status. Understanding all of this, the defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences that plea may entail, even if the consequence is automatic removal from the United States.

Defendant's Initials _A.L._

### XIII. DEFENDANT'S ACKNOWLEDGEMENT

I have read and understand the provisions of this plea agreement consisting of 15 pages. I have discussed the case and my constitutional and other rights with my lawyer. I am satisfied with my lawyer's representation in this case. I understand that by pleading guilty, I will be waiving and giving up my right to continue to plead not guilty, to a trial by jury, to the assistance of counsel at that trial, to confront, cross-examine, or compel the attendance of witnesses, to present evidence on my behalf, to maintain my privilege against self-incrimination, and to the presumption of innocence. I agree to enter my plea as indicated above on the terms and conditions set forth herein.

> **NO PROMISES OR REPRESENTATIONS OTHER THAN THOSE IN THE AGREEMENT HAVE BEEN MADE TO ME BY THE PROSECUTOR, OR BY ANYONE ELSE, NOR HAVE ANY THREATS BEEN MADE OR FORCE USED TO INDUCE ME TO PLEAD GUILTY.**

I further state that I have not had any drugs, medication, or alcohol within the past 48 hours except as stated here:

_____

I understand that this plea agreement will take effect and will be binding as to the Parties **only** after all necessary signatures have been affixed hereto.

I have personally and voluntarily placed my initials on every page of this plea agreement and have signed the signature line below to indicate that I have read,

understand, and approve all of the provisions of this plea agreement, both individually and as a total binding agreement.

_8/14/24_
DATE

_Antonio Lanier_
ANTONIO LANIER
Defendant

XIV.   **COUNSEL'S ACKNOWLEDGMENT**

I have discussed this case with my client in detail and have advised my client of all of my client's rights and all possible defenses. My client has conveyed to me that my client understands this plea agreement and consents to all its terms. I believe the plea and disposition set forth herein are appropriate under the facts of this case and are in accord with my best judgment. I concur in the entry of the plea agreement on the terms and conditions set forth herein.

_8/16/24_
DATE

_[signature]_
LEROY MAXWELL
Defendant's Counsel

## XV. GOVERNMENT'S ACKNOWLEDGMENT

I have reviewed this matter and this plea agreement and concur that the plea and disposition set forth herein are appropriate and are in the interests of justice.

PRIM F. ESCALONA
United States Attorney

8/27/2024
DATE

EDWARD J. CANTER
Assistant United States Attorney

Defendant's Initials AL

*(Revised June 2022)*