FILED
2025 Feb-17  PM 04:18
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff.** ) | |
| **v.** ) | **CASE NO: 7:24-cr-00318-RDP-GMB** |
| ) | |
| **ANTONIO LANIER,** ) | |
| ) | |
| **Defendant.** ) | |

---

## MOTION FOR DOWNWARD VARIANCE

---

**COMES** now, the Defendant, Antonio Lanier, by and through undersigned counsel, and respectfully moves this Honorable Court for downward variance pursuant to 18 U.S.C. § 3553(a). For the reasons stated below, Mr. Lanier requests that the Court impose a sentence of probation or, alternatively, time served with supervised release and restitution. This recommendation aligns with the goals of punishment, deterrence, and rehabilitation while avoiding unnecessary incarceration for a non-violent offender.

### I. Legal Standard

Under United States v. Booker, 543 U.S. 220 (2005), the Sentencing Guidelines are advisory, and the Court must consider the factors set forth in 18 U.S.C. § 3553(a) to craft a sentence that is sufficient, but not greater than necessary, to achieve the purposes of sentencing.

### II. Relevant § 3553(a) Factors

The following factors strongly support a downward variance in Mr. Lanier's case:

1. Nature and Circumstances of the Offense

Mr. Lanier pled guilty to operating an unlicensed money transmitting business under 18 U.S.C. § 1960(b)(1). While the offense is serious, it is non-violent and economic in nature. The offense involved facilitating transactions via a peer-to-peer cryptocurrency platform, Paxful, without proper licensing and oversight. Importantly, Mr. Lanier was not the originator of the underlying fraudulent activity.

The stipulated loss amount, between $550,000 and $1.5 million, reflects funds laundered through his business rather than direct harm caused by his actions. His role was limited to transmitting funds and collecting a small commission. These factors demonstrate his offense, while serious, is less egregious than cases involving large-scale fraud or conspiracies.

2. History and Characteristics of the Defendant

Mr. Lanier is a 43-year-old husband and father of two minor children, including a 2-year-old. He also cares for his elderly father, who suffers from physical and mental health challenges. Incarceration would impose significant hardship on his family, leaving them without financial or emotional support.

His criminal history is minimal (Criminal History Category II), consisting of a marijuana-related conviction nearly 15 years ago and traffic violations. This offense marks his first federal conviction, and there is no indication of violent or predatory behavior in his record.

Mr. Lanier has also demonstrated significant rehabilitation potential, as evidenced by his compliance with all pretrial release conditions, his stable employment, and his commitment to supporting his family.

3. Acceptance of Responsibility and Cooperation

Mr. Lanier has fully accepted responsibility for his actions, as reflected in his guilty plea and cooperation with the government. His acceptance saved judicial resources and allowed the victims to avoid further emotional distress. The Presentence Investigation Report confirms that he has been forthright and compliant with all court orders, further demonstrating his rehabilitative potential.

4. Impact on Dependents and Financial Obligations

Mr. Lanier is the primary financial provider for his wife, two minor children, and his father. His monthly Social Security Disability benefits and part-time employment as a school bus driver provide the only consistent income for his family. A custodial sentence would likely cause severe financial hardship for his dependents and jeopardize his ability to pay restitution to the victims. Meanwhile, a noncustodial sentence would allow Mr. Lanier greater opportunity to repay monies owed and provide for his own children.

5. Goals of Sentencing

• Deterrence: A non-custodial sentence with probation and stringent conditions, including restitution and financial monitoring, would adequately deter future misconduct while maintaining family and community stability.

• Rehabilitation: Mr. Lanier has shown a willingness and ability to reform. Probation with conditions allows him to remain a productive member of society while addressing his past misconduct.

• Restitution: Incarceration would hinder Mr. Lanier's ability to compensate the victims, as his financial resources are already limited. Allowing him to work under probation supervision would maximize restitution payments.

### III. Proposed Sentence

Mr. Lanier respectfully requests the Court to impose a sentence of probation with the following conditions:

1. Full restitution to all identified victims.

2. Strict financial monitoring and regular reporting to U.S. Probation.

3. Community service hours as determined by the Court.

Alternatively, Mr. Lanier requests time served with supervised release, with similar conditions as outlined above.

### IV. Conclusion

This proposed sentence aligns with the statutory sentencing factors in 18 U.S.C. § 3553(a) by addressing the seriousness of the offense while recognizing Mr. Lanier's mitigating circumstances, rehabilitation potential, and his ability to make amends through restitution.

**WHEREFORE**, the Defendant respectfully moves this Honorable Court to grant a downward variance and impose a sentence of probation or, alternatively, time served with supervised release.

Respectfully submitted,

/s/ *Leroy Maxwell, Jr.*
Leroy Maxwell, Jr.
Attorney for Defendant

**Of Counsel:**
**Maxwell & Tillman**
1820 3rd Ave. N. Ste. 300
Birmingham, AL 35203
T: 205-216-3304
F: 205-409-4145
maxwell@mxlawfirm.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have served the forgoing upon all parties to this proceeding by filing this motion through CM/ECF system on this **17th** day of **February, 2025**.

<u>/s/ *Leroy Maxwell, Jr.*      </u>
Leroy Maxwell, Jr.
